BOSTON (BOWDITCH v.). See Cases Nos. 1,718 and 1,719.

BOSTON (BURRILL v.). See Case No. 2,198.

BOSTON (RICHARDSON v.). See Case No. No, 11,780.

BOSTON BELTING CO. (DAY v.). See Cases Nos. 3,673 and 3,674.

## Case No. 1,674.

### BOSTON BELTING CO. v. JUDSON.

[N. Y. Times, July 2, 1852.]

Circuit Court, S. D. New York. July 1, 1852.

REMOVAL OF CAUSES — CONFORMATION OF PLEADINGS TO FEDERAL PRACTICE — PLEADING — DEMURRER.

[1. The pleadings in a case removed from a state court to the United States circuit court must conform to the federal rules and practice.]

[2. A complaint in an action removed from a state court, which does not conform, as a bill in equity, to the rules of the supreme court governing federal practice, and is bad in form and substance as a declaration at law, is demurrable.]

[At law. Action by William Judson against the Boston Belting Company. Defendant's demurrer to the complaint sustained.]

Before NELSON, Circuit Justice, and BETTS, District Judge.

Demurrer to declaration. This action was commenced in a state court against the defendants, a foreign corporation, and was by them removed to this court. The complaint filed in the state court was brought up with the case, and was served by the attorney of the plaintiff on the attorney of the defendants in this court. A general and special demurrer was put in to it. The court decided: (1) That the pleadings of the plaintiff here must conform to the rules and practice of this court. (2) If this be a prosecution on the equity side of the court, the complaint is insufficient and bad. in not being drawn conformably to the rules of the supreme court of the United States governing the practice here. (3) If it be intended as a prosecution at law, the complaint is bad in form and substance, as a declaration. (4) Query, whether this court has jurisdiction in this case, the defendants being a substantial party and a corporation within another state? Judgment for the demurrant, with leave to the plaintiff to file a bill in equity, or declaration at law, as he may be advised.

BOSTON DIATITE CO. (FLORENCE MANUF'G CO. v.). See Case No. 4,882.

BOSTON ELASTIC FABRIC CO. (CAREW v.). See Cases Nos. 2,397 and 2,398.